

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-82,827-03 & WR-82,827-04

### EX PARTE JERRY PAUL ROSE, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. B09410-2 & B09540-2 IN THE 198TH DISTRICT COURT
### FROM KERR COUNTY

ALCALA, J., filed a concurring opinion in which JOHNSON and RICHARDSON, JJ., joined.

### CONCURRING OPINION

I respectfully concur in the Court's order that remands this *pro se* habeas application to the convicting court for further development of the record. I, however, do not join the Court's order because it fails to accurately track the statutory language in the Code of Criminal Procedure, in that it improperly limits an indigent *pro se* habeas applicant's entitlement to the assistance of appointed post-conviction counsel to situations involving a hearing on remand. As I previously explained in my concurring opinion in *Ex parte Pointer*, in order to comply with the statutory requirements in the Code, this Court's order should

instead more broadly require a habeas court to appoint counsel for an indigent *pro se* habeas applicant whenever the court determines that the interests of justice require it. *See Ex parte Pointer*, Nos. WR-84,786-01 & WR-84,786-02, 2016 WL 3193254 (Tex. Crim. App. June 8, 2016) (Alcala, J., concurring) (citing TEX. CODE CRIM. PROC. art. 1.051(d)(3) (providing that an indigent habeas applicant "is entitled to have the trial court appoint an attorney to represent him in . . . a habeas corpus proceeding if the court concludes that the interests of justice require representation")). Because the Court's order fails to track the statutory language in the Code of Criminal Procedure by incorrectly suggesting that the habeas court's authority to appoint post-conviction counsel is limited to situations involving a hearing on remand, I cannot join the Court's order. Aside from my disagreement with the language in this Court's order, I otherwise respectfully concur.

Filed: June 29, 2016

Do not publish